IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TRACY W. MAXWELL,

           Plaintiff,

vs.

SARPY COUNTY CLERK OF COURT, STATE OF NEBRASKA, TODD WEST, Public Defender; and BEVERLY P. HUETER, Court Reporter;

           Defendants.

8:24CV94

**MEMORANDUM AND ORDER**

      Plaintiff Tracy W. Maxwell ("Plaintiff" or "Maxwell") filed his Complaint while he was in the custody of the Douglas County Department of Corrections ("DCDC"). Filing No. 1 at 1, 12. On January 29, 2025, Plaintiff filed a response to the Court's Order to Show Cause, Filing No. 20, indicating he was incarcerated in the Omaha Correctional Center in the custody of the Nebraska Department of Correctional Services ("NDCS"). *See* Filing No. 21 at 2. According to the NDCS' online inmate records, Plaintiff was released from custody on March 4, 2025, and is no longer confined in NDCS custody. *See* https://dcs-inmatesearch.ne.gov/Corrections/COR_input.jsp (last visited Aug. 25, 2025).

      While Plaintiff has an obligation to keep the Court informed of his current address at all times, *see* NEGenR 1.3(e) and (g) (requiring pro se parties to adhere to local rules and inform the Court of address changes within 30 days), the Court will not require Plaintiff to update his address as Plaintiff's Complaint, Filing No. 1, is subject to summary dismissal pursuant to 28 U.S.C.

<283>

§§ 1915(e)(2) and 1915A for the reasons stated below. The Court will not grant leave to amend because Plaintiff's claims are barred by the statute of limitations, so amendment would be futile.

## I. SUMMARY OF THE COMPLAINT

Plaintiff brings this action under 42 U.S.C. § 1983 for violations of Plaintiff's civil rights. Filing No. 1 at 3. In the caption and body of the Complaint, Plaintiff sues Todd West, a Sarpy County Public Defender, and Beverly P. Hueter, a court reporter. Id. at 1-2. In the caption of the Complaint, Plaintiff also names the Sarpy County Clerk of Court and the State of Nebraska. Id. at 1.

The Complaint in this case contains few facts, so it is helpful to review Plaintiff's previous attempts to bring these claims. In Case No. 8:20-CV-130, Plaintiff sued the same Defendants for erroneously sentencing Plaintiff to a consecutive sentence. Case No. 8:20-CV-130, Filing No. 1 at 4. In that case, Plaintiff alleged that, in January 2017, he was released from Hall County Jail. Id. at 6. At a time not specified, but presumably after this release, Plaintiff was sentenced to a term of one year in Hall County, Nebraska. Id.

On April 23, 2017, the Sarpy County Sheriff transferred Plaintiff to Sarpy County. Id. On April 24, 2017, in Sarpy County District Court, Plaintiff was given a one-year sentence, with credit for time served, for pleading guilty to shoplifting. Id. at 5. Specifically, the Sarpy County District Court sentenced Plaintiff to "one year with the Department of Corrections. Nine months supervised release. This to be 'CONCURRENT' with any other sentence from and after today." Id. at 7.

In September 2017, Plaintiff was released from the NDCS. Id. at 6. In October 2017, Plaintiff turned himself into the Buffalo County Jail to serve a five-month sentence. Id. At that time, Hall County placed a hold on Plaintiff.

*Id.* Because of the hold, Plaintiff was kept in Buffalo County Jail from March 16 until March 22, 2018, while awaiting a corrected sentencing order from Sarpy County. *Id.* Thus, according to Plaintiff, he spent six extra days in jail because Sarpy County sent an erroneous sentencing order. *Id.* at 7.

On June 29, 2020, the Court dismissed Plaintiff's Complaint in Case No. 8:20-CV-130 because Plaintiff failed to respond to the Court's order that Plaintiff update his address. *See* Case No. 8:20-CV-130, Filing Nos. 9 & 10. Over three and a half years later, on January 22, 2024, Plaintiff attempted to revive his case. Case No. 8:20-CV-130, Filing No. 11. On February 9, 2024, the Court denied Plaintiff's motion because Plaintiff failed to present any extraordinary circumstances justifying relief from the Court's judgment of dismissal entered more than three years prior. Case No. 8:20-CV-130, Filing No. 14 at 2-3. Because the Court had dismissed Plaintiff's claims without prejudice, the Court advised Plaintiff that he was free to file a new case. *Id.* at 3.

In apparent response to the Court's denial of his motion, Plaintiff filed this action on March 8, 2024. *See* Filing No. 1. In this case, Plaintiff alleges he was sentenced to a concurrent sentence but "they sent the sentencing order as a consecutive sentencing order." *Id.* at 5. Plaintiff appears to allege that Sarpy County sent the incorrect sentencing order to Hall County, so Hall County "was holding me falsely because of Sarpy." *Id.* Plaintiff did not know when this took place but stated that "Hall County Jail had a hold from Buffalo County Jail, Kearney, NE." *Id.* at 4. Plaintiff alleges that he called his attorney, Todd West, who confirmed the mistaken sentencing order and sent the correct order to Hall County. *Id.* at 8. Plaintiff seeks compensation "for me being wrongfully locked up." *Id.* at 5.

3

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for

4

relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Plaintiff's allegations are sparse, but even construed liberally, Plaintiff has not stated a plausible claim against any of the named defendants. Moreover, because Plaintiff's claims appear to be barred by the statute of limitations, the Court will not grant leave to amend.

**A. Claims Against the State of Nebraska**

Plaintiff's section 1983 claim for damages against the State of Nebraska is barred by the State's Eleventh Amendment sovereign immunity. The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 447; *Nevels v. Hanlon*, 656 F.2d 372, 377–78 (8th Cir. 1981). There is nothing in the record showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter with respect to Plaintiff's section 1983

5

claim. Thus, the Eleventh Amendment bars Plaintiff's claims for damages against the State of Nebraska.

**B. Claims Against Sarpy County Clerk of Court**

Plaintiff names the Sarpy County Clerk of Court but does not identify the Clerk, nor does he indicate whether the Clerk is sued in his or her official or individual capacity. Regardless, the Complaint fails to state a claim. Individual county court clerks are shielded by Eleventh Amendment immunity when sued in their official capacities. *See Robinson v. Lancaster Cnty. Ct.*, No. 8:18CV111, 2019 WL 1208812, at *3 (D. Neb. Mar. 14, 2019). Thus, to the extent Plaintiff is attempting to sue the unnamed clerk in his or her official capacity, Plaintiff's claims are barred by the Eleventh Amendment.

A suit against the Clerk in his or her individual capacity would also be barred. Court clerks are absolutely immune for "discretionary" acts, which are those taken at a judge's direction or pursuant to court rule. *Geitz v. Overall*, 62 F. App'x 744, 2003 WL 1860542, at *1 (8th Cir. 2003) (unpublished) (citing *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993)). "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process, unless the clerks acted in the clear absence of all jurisdiction." *Boyer v. Cnty. of Washington*, 971 F.2d 100, 102 (8th Cir. 1992) (internal brackets, quotation, and citation omitted); *see also Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989) (explaining that federal court clerk, who allegedly impeded inmate's access to the courts by intentionally delaying the filing of his original complaint for several months and by lying to him about its whereabouts, was entitled to judicial immunity because "the filing of complaints and other documents is an integral part of the judicial process"); *Davis v. McAteer*, 431 F.2d 81, 82 (8th Cir. 1970) (state court clerk who allegedly lost court file entitled to absolute

immunity). By contrast, court clerks do not enjoy immunity when exercising ministerial functions. See *Maness v. Dist. Ct. of Logan Cnty.-N. Div.*, 495 F.3d 943, 945 (8th Cir. 2007) (citing *Antoine*, 508 U.S. at 436-37 (when judicial immunity is extended to officials other than judges, it is because they exercise discretionary judgment as part of their function; functional approach does not require that absolute immunity be extended to court personnel simply because they are "part of judicial function")).

  Here, Plaintiff's allegations do not provide any facts to suggest the Sarpy County Clerk of Court was acting outside his or her judicial function. The lone allegation that could be construed as factual support is that Plaintiff was sentenced to a concurrent sentence and "they sent the sentencing order as a consecutive sentence" to Hall County. Filing No. 1 at 5. Thus, Hall County was "holding [Plaintiff] falsely because of Sarpy." *Id.* These minimal allegations, even construed broadly, fail to allege that the Sarpy County Clerk of Court committed any constitutional violation. The Complaint contains no facts from which the Court can conclude that the Clerk was carrying out a ministerial function and acting outside his or her function within the judicial process. Accordingly, the Complaint fails to state a claim against the Sarpy County Clerk of Court.

  Plaintiff's claims also appear to challenge the validity of a sentence and are therefore barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–87; *see also Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). Absent such a favorable disposition of the charges or conviction, a

7

plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. See Heck, 512 U.S. at 486–87. Plaintiff did not assert that his conviction has been set aside or otherwise held invalid. Therefore, he has not stated a cognizable claim under § 1983.

**C. Claims Against Defendants West and Hueter**

Plaintiff fails to allege any wrongdoing by Defendants West or Hueter. "To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." White v. Jackson, 865 F.3d 1064, 1081 (8th Cir. 2017). Plaintiff makes no allegations against Hueter and nothing in the Complaint suggests Hueter was involved in, or responsible for, providing the sentencing order to Hall County. Additionally, Plaintiff makes no allegation that West committed any wrongdoing. Plaintiff's allegations suggest that West confirmed the error in the sentencing order and corrected it, but allege no wrongdoing by West. See Filing No. 1 at 8. Accordingly, Plaintiff fails to state a claim for relief because he fails to allege Hueter's or West's involvement in any alleged constitutional violation.

**D. Statute of Limitations**

The Court will not grant Plaintiff leave to amend because his claims are barred by the applicable statute of limitations. The length of the statute of limitations for a section 1983 claim is the same as the length of the statute of limitations "for personal-injury torts" in "the State in which the cause of action arose." Wallace v. Kato, 549 U.S. 384, 387 (2007). In Nebraska, section 1983 actions are subject to a four-year statute of limitations. See Montin v. Est. of Johnson, 636 F.3d 409, 412-13 (8th Cir. 2011); Neb. Rev. Stat. § 25-207 ("The following actions can only be brought within four years: ... (3) an action for an injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated . . . .").

8

Although the allegations of the Complaint are sparse, Plaintiff's previous action establishes his claims arise from conduct that occurred in March 2018, at the latest. *See* Filing No. 1 at 5; Case No. 8:20-CV-130, Filing No. 1 at 6. Because Plaintiff's purported civil rights claims against the Defendants accrued more than four years prior to the filing of this lawsuit, they are barred by the statute of limitations[1] and must be dismissed.[2] *See, e.g., Johnson v. Mott,* 376 F. App'x 641 (8th Cir. 2010) (unpublished) (section 1983 claim that was barred by the applicable statute of limitations was properly dismissed with prejudice under Fed. R. Civ. P. 12(b)(6)); *Varner v. Peterson Farms,* 371 F.3d 1011, 1016 (8th Cir. 2004) (affirming dismissal with prejudice because complaint showed statute of limitations had run).

### III. MOTION TO APPOINT COUNSEL

The Court construes Plaintiff's correspondence, Filing No. 14, as a motion to appoint counsel. Because the Court has determined that this matter must be dismissed, Plaintiff's Motion will be denied as moot.

### IV. CONCLUSION

Plaintiff's Complaint fails to allege a claim upon which relief can be granted against any of the Defendants and is subject to dismissal under 28 U.S.C. §§ 1915(e) and 1915A. The Court will dismiss this matter with prejudice as Plaintiff's claims are barred by the statute of limitations and further amendment of Plaintiff's claims would be futile.

---

[1] "Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action. Accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Haltom v. Parks,* No. 8:15-CV-428, 2018 WL 1033488, at *2 (D. Neb. Feb. 21, 2018) (citations omitted).
[2] Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint as frivolous when it is apparent that the statute of limitations has run. *Myers v. Vogal,* 960 F.2d 750, 751 (8th Cir. 1992).

IT IS THEREFORE ORDERED:

1. This matter is dismissed with prejudice for failure to state a claim for relief and Plaintiff's claims are barred by the statute of limitations.

2. Plaintiff's pending motion, which the Court construes as a motion for the appointment of counsel, Filing No. 14, is denied as moot.

3. The Clerk of Court is directed to send a copy of this Memorandum and Order and the accompanying Judgment to Plaintiff at the address on file and to the following address: 5620 No. 52nd St., Omaha, NE 68104.[3]

4. The Court will enter judgment by a separate document.

Dated this 28th day of August, 2025.

BY THE COURT:

*John M. Gerrard*
_____
John M. Gerrard
Senior United States District Judge

---

[3] *See* Case No. 8:20-CV-130, Filing No. 7.